**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALMA GARCIA, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

v.

DOLEX DOLLAR EXPRESS, INC., a Texas corporation; and DOES 1 through 25, inclusive,

Defendant.

Case No.: 2:23-cv-02013-MEMF-AS

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS [ECF NO. 28]**

Before the Court is the Motion to Strike filed by Defendant Dolex Dollar Express, Inc. For the reasons stated herein, the Court hereby GRANTS the Motion to Strike. ECF No. 28.

## I. <u>Factual & Procedural Background</u>

On February 1, 2023, Plaintiff Alma Garcia ("Garcia") filed a complaint in Los Angeles Superior Court individually and on behalf of others similarly situated against Defendant Dolex Dollar Express, Inc. ("Dolex"), alleging violations of the California Labor Code and Business &

Professions Code—specifically: (1) Unpaid Overtime; (2) Unpaid Minimum Wages; (3) Unpaid Meal Period Premiums; (4) Unpaid Rest Period Premiums; (5) Failure to Provide Accurate Wage Statements; (6) Final Wages Not Timely Paid; (7) Failure to Reimburse Necessary Business Expenses; and (8) Unfair and Unlawful Business Practices. ECF No. 1-1 ("Complaint"). On March 17, 2023, Dolex removed the action to this Court. ECF No. 1 ("Notice of Removal"). The parties stipulated on April 14, 2023 to allow Garcia to amend the Complaint to add a ninth cause of action for violation of the Private Attorneys General Act ("PAGA"), which the Court granted. ECF Nos. 16, 20. Garcia filed the operative First Amended Complaint on April 24, 2023. ECF No. 21 ("FAC").

On April 25, 2023, the Court issued the Civil Trial Order in this case, setting trial for May 6, 2024. ECF No. 23 ("CTO"). In the CTO, the Court also set class certification deadlines. Specifically, the deadline to bring a motion for class certification was August 25, 2023. *See* CTO at 3. Four days before this deadline, Garcia filed an Ex Parte Application for Continuance of Class Certification Deadlines. ECF No. 25 ("Ex Parte"). Dolex opposed the Ex Parte. ECF No. 26. On August 24, 2023, the Court issued a minute order denying the Ex Parte, finding that Garcia had not shown that she did not create the state of affairs that necessitated ex parte relief. ECF No. 27 ("Ex Parte Order").

On September 6, 2023, Dolex brought the instant Motion to Strike the Class Allegations in the FAC. ECF No. 28 ("Motion"). On September 20, 2023, Garcia filed an opposition to the Motion. ECF No. 29 ("Opposition"). On October 20, 2023, Dolex filed a reply. ECF No. 35 ("Reply").

On November 29, 2023, the Court found this matter appropriate for resolution without oral argument and vacated the hearing set for November 30, 2023. ECF No. 39; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

## II. Applicable Law

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). Motions to strike "are

generally regarded with disfavor because of the limited importance of pleading in federal practice," and they "are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Gaines v. AT&T Mobility Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019) (internal quotation marks omitted).

## III. Discussion

Dolex brings its Motion as the deadline for Garcia to file a motion for class certification has passed, and no such motion has been brought. In her Opposition, Garcia requests that the Court exercise its disrection to extend the class certification deadline, or alternatively, remand the case. *See* Opposition. For the reasons discussed below, the Court denies Garcia's requests and GRANTS Dolex's Motion to Strike.

### A. A court may strike class allegations if a motion to certify is not timely made.

Federal Rule of Civil Procedure 23 provides that "[a]t an early practical time after a person sues . . . the court must determine by order whether to certify the class action." Fed. R. Civ. Proc. 23(c)(1)(A). Local Rule 23-3 specifically provides that a motion to certify must be brought "[a]t the earliest possible time," "but no later than any deadline set by the assigned judge." Local Rule 23-3. "Local Rules are 'laws of the United States,'" and are "valid if . . . 'not inconsistent' with the Federal Rules of Civil Procedure." *Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1995).

Here, the case was removed on March 17, 2023, and the Court issued the CTO on April 25, 2023, giving Garcia over 120 days from the date of the issuance of the CTO to file a motion for class certification. However, Garcia has not filed a motion to certify to date. Accordingly, the Court may properly strike the class allegations. *See Watson v. Schwarzenegger*, 347 Fed. Appx. 282, 285 (9th Cir. 2009) (affirming district court's enforcement of Local Rule 23-3).

### B. Garcia has not shown good cause to extend the class certification deadline.

Garcia seeks an extension of the class certification deadline under Federal Rule of Civil Procedure 6 which provides that a Court may, for good cause, extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. Proc. 6(b)(1)(B). As an initial matter, Garcia has not brought such a motion, and has never filed a regularly-noticed motion seeking to extend the class certification deadline. It was not until Dolex

filed this Motion, after the class certification deadline had already passed, that Garcia made this request solely in her Opposition. Regardless, the Court finds the excusable neglect standard of Rule 6 inapt—as Garcia is seeking a modification of the CTO, the standard set forth by Federal Rule of Civil Procedure 16 governs.

Under Rule 16, a district court may find "good cause" to amend the CTO "if [the CTO deadline] cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting the advisory committee's notes on Rule 16 (1983 amendment)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). Moreover, courts have held that carelessness may not be cited as a reason for modification and is not a basis upon which relief may be granted. *See, e.g.*, *Johnson*, 975 F.2d at 609 (collecting cases).

The Court does not find that Garcia has acted diligently under the circumstances. While Garcia previously brought the Ex Parte seeking to continue the class certification deadline, the Court denied the Ex Parte finding that she had not shown she was "not 'without fault' in creating the situation warranting ex parte relief." *See* Ex Parte Order at 2. Specifically, the Court found that the "exigency" arising from the issues Garcia complained of were "foreseeable well in advance." *Id.* Although the Court notes that the standard for seeking ex parte relief is not the same as whether good cause exists to amend a CTO, the Court finds the analysis similar in this case because Garcia relies on the same arguments as in the Ex Parte, and moreover, she did not diligently bring a motion to amend the CTO at any point.

Here, Garcia has merely stated that she "was unable to complete the discovery necessary to file the motion for class certification" because the Belaire-West process was not completed in time. Opposition at 3. As indicated in the Ex Parte Order, a large portion of the delay in the Belaire-West process was attributable to Garcia, who did not send the draft notice to Dolex until two months after Garcia indicated she would prepare it. Ex Parte Order at 3. Moreover, Garcia would have known well in advance, based on the timing of when the notice was finalized, that the responses would not be received in time for the deadline, yet did not move to extend the class certification deadline at any

point. Rather, Garcia filed her Ex Parte less than a week before the motion deadline, and when it was denied, took no further action—including failing to file a motion by the deadline with full awareness that the deadline had not been extended. The Court does not find this to be diligent, and therefore does not find good cause to extend the CTO deadlines. *See Johnson*, 975 F.2d at 610 (explaining that a "district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits," because "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier").

Accordingly, the Court finds that the class allegations should be stricken from the FAC.

**C. Garcia has not shown that remand is appropriate under the circumstances.**

Garcia has further requested in her Opposition that should the Court strike the class allegations, the Court should remand the case for lack of jurisdiction. Opposition at 3. However, binding case law instructs that the case here should not be remanded, because despite the striking of the class allegations, all of Garcia's causes of action remain individually. *See United Steel, Paper & Forestry v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010) ("If a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court."); *see also Madiera v. Converse, Inc.*, 826 Fed. Appx. 634, 635 (9th Cir. 2020) ("Where, as here, jurisdiction was proper at the time of removal, subsequent dismissal of class claims does not defeat the court's CAFA jurisdiction over remaining individual claims.").

Garcia cites two Ninth Circuit cases in support of her argument, which focuses solely on the PAGA claim, but neither support that a remand is appropriate. First, *Baumann v. Chase Inv. Servs. Corp.* is inapposite, as it dealt with whether or not a district court may exercise "original jurisdiction over a PAGA action." 747 F.3d 1117, 1119 (9th Cir. 2014). There is no dispute over the initial removeability of a sole PAGA claim—the question here is once an action has been properly removed under CAFA, but the class allegations are dismissed, whether a district court may exercise supplemental jurisdiction over the PAGA claim. The Ninth Circuit has suggested that the answer is yes, and particularly that it may be in the interests of judicial economy to do so when other

individual claims remain. *See Madeira*, 826 Fed. Appx. at 635 (noting that "in the interest of judicial economy, we invite and encourage the district court to re-evaluate whether to exercise supplemental jurisdiction over the PAGA claims in light of our holding that it must adjudicate [the plaintiff's] individual claims").

Garcia also cites *Echevarria v. Aerotek, Inc.*, but the Ninth Circuit there confirmed that supplemental jurisdiction over a PAGA claim, even when all the other claims are dismissed, is "purely discretionary." 814 Fed. Appx. 321, 322 (9th Cir. 2020). Although the PAGA claim was remanded in *Echevarria* at the district court's discretion, the Ninth Circuit specifically distinguished from *United Steel* by noting that "the claims [in *United Steel*] that gave rise to CAFA jurisdiction survived as individual claims," while in *Echevarrria*, "all of the claims giving rise to CAFA jurisdiction have been dismissed in their entirety." *Id.* As all of the individual claims in this action remain—which the Court continues to have original jurisdiction over—the Court finds it in the interests of judicial economy to retain supplemental jurisdiction of the PAGA claim.

Accordingly, the Court denies Garcia's request to remand the case.

## IV. <u>Conclusion</u>

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendant's Motion to Strike Class Allegations is GRANTED; and
2. All class allegations from the operative complaint in this case are hereby stricken.

IT IS SO ORDERED.

Dated: November 30, 2023

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge